**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anita Pitroff, ) | No. CV 06-1184-PCT-MHM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Yavapai County Board of Supervisors, ) Chip Davis and Lorna Street, ) | |
| Defendants. ) | |

Currently before the Court is Defendants' Motion to Dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 21). Having reviewed the pleadings, the Court issues the following order.

<u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Anita Pitroff ("Plaintiff") has filed an Amended Complaint against the Yavapai County Board of Supervisors, and board members Chip Davis and Lorna Street (collectively "Defendants") (Doc. 20). Plaintiff claims that she was constructively discharged from her position as an attorney in the Office of the Yavapai County Public Defender (Doc. 20, ¶ 30). Plaintiff alleges that Defendants created an unbearable work environment in retaliation for her participation in certain activities while working as a paralegal for the Public Defender. As a paralegal, Plaintiff helped in raising racial profiling defenses in criminal cases, assisted the Department of Justice in an investigation of the Yavapai County jails, and assisted attorneys in her office with the preparation of Writs of Habeas Corpus on behalf of jail

inmates. Plaintiff asserts violations of the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, violations of procedural and substantive due process, equal protection violations due to alleged unlawful discrimination based on her sex, age, and disability, all of which are pursuant to 42 U.S.C. § 1983, and a violation of A.R.S. § 38-532 for whistle blowing retaliation.

On November 17, 2006, Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), asserting that Plaintiff failed to state any cognizable claims (Doc. 21). Plaintiff then filed a Response to Defendants' Motion to Dismiss on December 8, 2006 (Doc. 24). In the Response, Plaintiff refutes Defendants' assertions on four of her claims and reiterates the arguments cited in her First Amended Complaint. On December 18, 2006, Defendants filed a Reply in Support of their Motion to Dismiss (Doc. 25). In their Reply, Defendants expressed that the facts stated by the Plaintiff in the First Amended Complaint and in the Response to the Motion to Dismiss do not support any alleged cause of action.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss will not be granted unless it appears beyond a doubt that the plaintiff cannot prove a set of facts to support the claim that would entitle the plaintiff to relief. Morely v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). When determining if a plaintiff has sufficiently stated a claim in their complaint, all allegations of material fact are taken as true and are construed in the light most favorable to the non-moving party. Whyler Summit Partnership v. Turner Broad Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998). Furthermore, when deciding on a motion to dismiss for failure to state a claim, the court will only consider facts and evidence presented in the original complaint. See North Star Intern. v. Arizona Corp. Commission, 720 F.2d 578, 581-82 (9th Cir. 1983).

## DISCUSSION

**I.     Plaintiff's Claims of Fourth and Fifth Amendment Violations**

Plaintiff alleges that Defendants are guilty of violating her Fourth and Fifth Amendment rights. She, however, fails to state any facts that would support such claims.

1  Notably, Plaintiff does not oppose the dismissal of any such claims in her response brief to
2  the Defendants' instant Motion to Dismiss.  See LR Civ 7.2(i).
3  **II.    Plaintiff's Due Process Claims**
4        **A. Plaintiff's Procedural Due Process Claims**
5        Plaintiff also claims that Defendants violated her Due Process rights.  The Due
6  Process Clause of the Fourteenth Amendment is comprised of procedural due process rights
7  and substantive due process rights.  U.S. Const. Amend. XIV.  A procedural due process
8  claim in a 42 U.S.C. § 1983 action will be sustained if the plaintiff can prove three elements:
9  "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the
10 interest by the government; and (3) lack of process."  Portman v. County of Santa Clara, 995
11 F.2d 898, 904 (9th Cir. 1993).
12       **1. Plaintiff's Property Interest Claim**
13       A property interest in continued public employment does not exist if the employee is
14 "at-will", and due process rights do not attach.  Id.  Also, the Constitution does not create a
15 property interest in continued public employment, rather, a property interest in continued
16 employment is created from "an independent source such as state law."  Bd. of Regents v.
17 Roth, 408 U.S. 564, 577 (1972).  Furthermore, a property interest may be implied by "rules
18 or mutually explicit understandings that support a claim of entitlement."  Perry v.
19 Sindermann, 408 U.S. 593, 596 (1972).
20       In this case, Plaintiff does not meet the requirements to establish a property interest
21 in her job.  In her First Amended Complaint, Plaintiff does not state that she had a contract,
22 express or implied, with the Yavapai County Public Defender's Office. (Doc. 20).
23 Additionally, Plaintiff's First Amended Complaint does not allege that Plaintiff relied on any
24 existing rules or understandings that would create a property interest in her employment. (Id.)
25 As such, Plaintiff was classified as an "at-will" employee and does not have a property
26 interest in her employment or entitlement to procedural due process rights.
27       Plaintiff cites to Perry and asserts that a property interest in a public position may,
28 nevertheless, be established if that position is held for a number of years.  Perry, 408 U.S. at

1 602. The plaintiff in Perry, however, worked for his employer for at least seven years. Id.
2 In this case, Plaintiff only held her position as an attorney for two years, from 2004 to 2006.
3 (Doc. 20, ¶ 45). Given these facts, it is further evident that Plaintiff does not appear to
4 possess a property interest in her continued employment with the Yavapai County Public
5 Defender's Office.

6 **2. Plaintiff's Liberty Interest Claim**

7 An employee can assert a liberty interest claim when a governmental employer makes
8 concrete statements that defame or stigmatize the employee when that employee is
9 discharged. See Siegert v. Gilley, 500 U.S. 226 (1991). However, the Ninth Circuit has held
10 that "injury to reputation alone is not sufficient to state a claim for loss of liberty." Gini v.
11 Las Vegas Metro. Police Dep't, 40 F.3d 1041 (9th Cir. 1994). The defamatory statements
12 made by the employer must also have been published or otherwise made known to the public.
13 See Brady v. Gebbie, 859 F.2d 1543, 1552 (9th Cir. 1988). Additionally, the statements must
14 "be sufficiently serious to 'stigmatize' or otherwise burden the individual so that he is not
15 able to take advantage of other employment opportunities." Portman, 995 F.2d at 907
16 (quoting Bollow v. Fed. Reserve Bank of San Francisco, 650 F.2d 1093, 1100 (9th Cir.
17 1981), *cert denied*, 455 U.S. 948 (1982)).

18 Here, Plaintiff has not alleged facts that would sufficiently sustain a liberty interest
19 due process claim. Plaintiff does claim that her reputation was damaged because a County
20 Attorney referred to her as incompetent and recommended that Plaintiff not be hired as an
21 attorney with Yavapai County. (Doc. 20, ¶ 41). This allegation, however, does not
22 adequately point to a violation of a liberty interest since it is simply asserting a injury, or
23 stigmatization, to Plaintiff's reputation and nothing more. See Gini, 40 F.3d 1041. Notably,
24 Plaintiff has not claimed that the alleged defamatory statement was published or otherwise
25 made known to the public. (Doc. 20). Finally, Plaintiff does not allege that the statement
26 resulted in a loss of future potential employment opportunities. (Id.). As such, Plaintiff does
27 not adequately establish a liberty interest claim.

28 **B. Plaintiff's Substantive Due Process Claim**

- 4 -

In order for there to be a violation of substantive due process rights, "a plaintiff must, as a threshold matter, show a government deprivation of life, liberty, or property." Nunez v. City of Los Angeles, 147 F.3d 867 (9th Cir. 1998). Plaintiff is not alleging a deprivation of life and it has already been determined that Plaintiff has not demonstrated a deprivation of liberty or property when she was allegedly constructively discharged from her job. Plaintiff, therefore, cannot establish a violation of substantive due process rights.

### III. Plaintiff's § 1983 Claims Based on Age, Disability, and Sex

#### A. Plaintiff's Claims Against The Yavapai Board of Supervisors

Plaintiff additionally asserts § 1983 claims against the Yavapai County Board of Supervisors under the doctrine of *respondeat superior*. (Doc. 20, p. 3, ¶ 3). A supervisor or employer, however, may not be held liable under a *respondeat superior* theory. City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989). A supervisor can only be held liable for § 1983 claims when the policies or customs of the employer caused injury to the employee in violation of the constitution. Id. Plaintiff's Amended Complaint does not assert any such allegations, suggesting that the alleged discrimination or injury was the result of an employer's policies or customs. Rather, Plaintiff's § 1983 claims against Defendant Yavapai Board of Supervisors is based solely on the alleged conduct of the individual Defendants, Chip Davis and Lorna Street. Accordingly, the § 1983 allegations based on age, disability, and sex brought against the Board of Supervisors are not sufficiently established under the doctrine of *respondeat superior*.

#### B. Plaintiff's Claims Against Individuals Chip Davis and Lorna Street

Plaintiff has also filed claims against individuals Chip Davis and Lorna Street for Equal Protection violations, or discrimination based on age, disability, and sex. In order to establish a claim for a violation of equal protection, a plaintiff must prove that an employer had specific discriminatory intent when discharging the employee. Personnel Administrator v. Feeney, 442 U.S. 256, 272 (1979).

### 1. Plaintiff's Age Discrimination Claim

In her First Amended Complaint, Plaintiff alleges that she was discriminated against due to her age in violation of the Equal Protection Clause of the Fourteenth Amendment. (Doc. 20, ¶ 56). Her claim, however, is invalid because the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, solely governs the field of age discrimination. See Morgan v. Humboldt County School Dist., 623 F.Supp. 440, 442-43 (D. Nev. 1985). Therefore, any claims of age discrimination must be brought under the ADEA. Id. Plaintiff has only brought allegations of age discrimination under 42 U.S.C. § 1983 and has failed to bring any claims under the ADEA. (Doc. 24, p.6 ). Plaintiff's claims of age discrimination, therefore, are invalid and must be dismissed.

### 2. Plaintiff's Disability Discrimination Claim

Plaintiff also alleges that Defendants Chip Davis and Lorna Street are guilty of § 1983 discrimination violations because Plaintiff was discriminated against due to her husband's disabilities. (Doc. 24, p.6). However, discrimination claims brought under § 1983 must pertain to the plaintiff's personal rights and may not bring up the infringement of the Constitutional Rights of others. John v. County of San Diego, 114 F.3d 874, 875 (9th Cir. 1997). Since Plaintiff is only asserting that the alleged disability discrimination resulted from her husband's condition, and not her own, her claim is without merit.

### 3. Plaintiff's Sex Discrimination Claim

Plaintiff, additionally, alleges that she is a victim of sex discrimination. To establish a claim for a violation of equal protection, a plaintiff is required to show "the existence of at least two classifications of persons which are treated differently under the law." Christian Gospel Church, Inc. v. City and County of San Francisco, 896 F.2d 1221, 1226 (9th Cir. 1990). For this claim, Plaintiff, a female employee, attempts to demonstrate that Defendants treated her differently from a similarly situated person of the opposite sex. (Doc. 20, ¶ 56). Plaintiff, however, fails to successfully show such a cause of action. Plaintiff describes in

1  her First Amended Complaint that a male, Daniel J. DeRienzo, participated in the same
2  activities as Plaintiff and was subjected to the same treatment that Plaintiff received.  (Doc.
3  20, ¶ 29).  Plaintiff alleges that Mr. DeRienzo, like Plaintiff, took part in raising racial
4  profiling defenses in criminal cases and investigated the conditions of the Yavapai County
5  jails, and was reprimanded for his actions.  (Id.).  These allegations presented in Plaintiff's
6  First Amended Complaint suggest that the alleged constructive discharge had nothing to do
7  with Plaintiff's gender.  Rather, such allegations suggest that the alleged retaliation was due
8  to her participation in drafting Writs of Habeas Corpus and in preparing racial profiling
9  defenses for inmates.  (Doc. 20, ¶¶ 30, 40, 44).  Plaintiff, therefore, fails to state a sex
10 discrimination claim under § 1983.

**IV.   Plaintiff's Whistle-Blower Claim**

Plaintiff also claims that Defendants engaged in whistle-blowing retaliation in violation of Arizona law, in response to Plaintiff's participation in the preparation of the habeas corpus petitions and the racial profiling defenses.  An employee may bring a whistle blower claim under A.R.S. § 38-532 if they are a public employee, made a public statement against their employer, and was retaliated against for engaging in such practices by their employer.  Mullenaux v. Graham County, 82 P.3d 362 (Ariz.App. 2004).  Arizona law against whistle-blowing retaliation also mandates that "the disclosure by an employee to a public body alleging a violation of law...be in writing."  A.R.S. § 38-532(B).  The written document must be written personally by the employee making the accusations or the employee cannot receive statutory relief.  See Sukenic v. Maricopa County, 2004 WL 3522690 * 10 (D. Ariz.) (holding that the plaintiff's written disclosure did not meet statutory requirements because the plaintiff only wrote it at the request of her supervisor and, as such, was the "anti-thesis" of a whistle-blower).

In this case, Plaintiff alleges that she meets the writing requirement of the statute because, as a paralegal, she prepared habeas corpus petitions and documents pertaining to the racial profiling defenses.  (Doc. 20, ¶ 38).  However, Plaintiff, as a paralegal, only

1 assisted in writing these documents.  The racial profiling motions and the habeas corpus
2 petitions were completed, filed, and submitted by attorneys in the Public Defender's Office,
3 not Plaintiff.  Furthermore, Plaintiff only participated in preparing the documents at the
4 urging of her superiors.  As illustrated in Sukenic, this type of activity cannot sufficiently
5 meet the writing requirements of A.R.S. § 38-532.  Therefore, Plaintiff's whistle-blowing
6 claim, therefore, is without merit.

## CONCLUSION

The Court finds that all of Plaintiff's claims fail under Rule 12(b)(6) scrutiny and, as such, Defendants' Motion to Dismiss is granted.  When a 12(b)(6) motion to dismiss is granted, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it is determined that the pleadings could not possibly be cured by the allegation of other facts."  Doe v. U.S., 58 F.3d 494 (9th Cir. 1995) (quoting Cook, Perkiss & Lieche, Inc. v. N. Cal. Collection Service, 911 F.2d 242, 247 (9th Cir. 1990)). Stated differently, the court will not grant leave to amend a cause of action if it would be futile to do so.  See id.

Plaintiff's property interest claim is dismissed because Plaintiff was an at-will employee and could not have a protected property interest in her employment.  It appears, however, that Plaintiff could establish a property interest in her job if she alleges facts that would suggest an implied contract or other occupational security.  Plaintiff, therefore, is granted leave to amend her property interest claim.  Plaintiff, likewise, failed to state a valid liberty interest claim because she did not allege she lost employment opportunities due to a published defamatory statement.  However, because it appears Plaintiff could allege such facts to support such a claim, the Court will grant Plaintiff leave to do so.

Plaintiff's § 1983 claim against Defendant Yavapai Board of Supervisors is also dismissed because such a claim cannot be sustained under the doctrine of *respondeat superior*.  However, if Plaintiff is able to assert facts against the Board suggesting that unlawful authority was a result of a custom or policy, such a claim may be viable.  Therefore,

Plaintiff is granted leave to do so.  Additionally, Plaintiff is granted leave to amend her sex discrimination claim to demonstrate that she was treated differently from a similarly situated person of the opposite sex.  Plaintiff is also granted leave to amend her whistle-blower claim to assert allegations that would meet all of the requirements of A.R.S. § 38-532.

Plaintiff's age discrimination claim under §1983 is dismissed without leave to amend because age discrimination causes of action must be brought under the ADEA.  Since no additional facts could salvage this claim, Plaintiff is denied leave to amend her § 1983 age discrimination claim.  Likewise, Plaintiff is denied leave to amend her § 1983 disability discrimination claim because Plaintiff only alleges discrimination based on her husband's disability, and one cannot bring suits for the infringement of the Constitutional rights of others.

**Accordingly,**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint is granted. (Doc. 21).

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to amend, in part, and denied leave to amend, in part.

**IT IS FURTHER ORDERED** that Plaintiff may file a Second Amended Complaint consistent with the Court's Order within twenty days (20) from the date this Order is filed.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to dismiss and enter judgment of dismissal without further notice to Plaintiff should Plaintiff fail to file an Amended Complaint within twenty (20) days from the date this Order is filed.

DATED this 2nd day of August, 2007.

_____
Mary H. Murguia
United States District Judge