**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Anita Pitroff,                                    )   No. CV-06-1184-PCT-MHM
                                                  )
                    Plaintiff,                    )
                                                  )   **ORDER**
v.                                                )
                                                  )
Yavapai County Board of Supervisors,              )
Chip Davis and Lorna Street,                      )
                                                  )
                    Defendants.                   )
                                                  )
_____ )

The Yavapai County Board of Supervisors, Chip Davis, and Lorna Street ("the Defendants") have moved to dismiss all of the claims against them in the Plaintiff's Second Amended Complaint. (Dkt. #29, 28). After considering the Motion and related briefing, and having found oral argument unnecessary, the Court issues the following Order.

<u>I.  Background and Procedural Posture</u>

The Plaintiff filed the instant suit on April 28, 2006. The Plaintiff's Amended Complaint asserted that she had been constructively discharged from her position as an attorney in the Office of the Yavapai County Public Defender. She alleged that the Defendants created an unbearable work environment in retaliation for her participation in certain activities while working as a paralegal for the Public Defender. The Amended Complaint asserted that as a paralegal, the Plaintiff helped in raising racial profiling defenses in criminal cases, assisted the Department of Justice in an investigation of the Yavapai

County jails, and assisted attorneys in her office with the preparation of Writs of Habeas Corpus on behalf of jail inmates.

The Amended Complaint asserted violations of the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, violations of substantive and procedural due process, and equal protection violations due to alleged unlawful discrimination on the basis of age, sex and disability, all pursuant to 42 U.S.C. § 1983.  Further, the Plaintiff brought a claim for violation of A.R.S. § 38-532, Arizona's whistle-blower protection act.

The Defendants moved to dismiss all claims in the Plaintiff's Amended Complaint on November 17, 2006.  (Dkt. #21).  On August 2, 2007, this Court dismissed all of the claims against the Defendants, but expressly granted the Plaintiff leave to amend her claims for deprivation of property and liberty interest in her continued employment, her 42 U.S.C. § 1983 claim against the Yavapai County Board of Supervisors, her sex discrimination claim, and her A.R.S. § 38-532 "whistle-blower" claim.  (Dkt. #27).

The Plaintiff filed her Second Amended Complaint against the Defendants on August 23, 2007.  (Dkt. #28).  The Second Amended Complaint asserted claims for violation of the Fourth and Fifth Amendments to the U.S. Constitution, Substantive Due Process, as well as for sex, age and disability discrimination.  The Second Amended Complaint also asserted claims for violation of her property and liberty interests in continued employment, and reasserted the Plaintiff's whistle-blower claim under Arizona law.  (Id.)

The Defendants have again moved to dismiss these claims pursuant to Fed. R. Civ. P. 12(b)(6).  (Dkt. #29).

## II.  Standard of Review

A Rule 12(b)(6) motion to dismiss will not be granted unless it appears beyond a doubt that the plaintiff cannot prove a set of facts to support the claim that would entitle the plaintiff to relief.  Morely v. Walker, 175 F.3d 756, 759 (9th Cir. 1999).  When determining if a plaintiff has sufficiently stated a claim in her complaint, all allegations of material fact are taken as true and are construed in the light most favorable to the non-moving party.  Whyler Summit Partnership v. Turner Broadcasting Sys., Inc., 135 F.3d 658, 661 (9th Cir.

1  1998). When deciding a motion to dismiss for failure to state a claim, the court will only

2  consider facts and evidence presented originally in the complaint. See North Star Int'l v.

3  Arizona Corp. Cmm'n, 720 F.2d 578, 581-82 (9th Cir. 1983).

4  III. Analysis

5  A. Fourth and Fifth Amendment, Substantive Due Process, Sex and Age Discrimination

6  Claims

7  The Plaintiff notes in her Response that her claims under the Fourth and Fifth

8  Amendments to the U.S. Constitution, her Substantive Due Process Claim, as well as her sex

9  and age discrimination claims were erroneously included in the Second Amended Complaint.

10  (Dkt. #34). These claims are accordingly dismissed.

11  B. Disability Discrimination Claim

12  This Court dismissed the Plaintiff's disability discrimination claim without granting

13  the Plaintiff leave to amend. (Dkt. #27). The Plaintiff nevertheless appears to reassert this

14  claim in the Second Amended Complaint. (Dkt. #28). This claim is dismissed with

15  prejudice.

16  C. State Law Claims, Including A.R.S. § 38-531

17  The Defendants make two arguments in favor of dismissal of the Plaintiff's state law

18  claims, particularly her claim for violation of Arizona's whistle-blower protection statute.

19

20  1. Failure to State Necessary Facts to Support the Elements of a Whistle-Blower

21  Claim

22  The Defendants argue that, in order to qualify for relief under A.R.S. § 38-531, the

23  Plaintiff must show that she made (1) a *written* disclosure; (2) to a public body; (3) alleging

24  a good-faith belief in a violation of law, mismanagement, gross waste of monies or abuse of

25  authority; (4) that resulted in a prohibited reprisal on the employee or former employee who

26  made the disclosure. Here, the Defendants assert, the Plaintiff's participation in drafting

27  Habeas petitions and racial profiling motions cannot satisfy the written disclosure

28  requirement of the statute. Because the Plaintiff was a paralegal at the time these petitions

were filed, they would have been submitted by (and at the direction of) attorneys in the Public Defender's office.  This level of involvement by a plaintiff has been held not to satisfy the written disclosure requirement.

The Defendants acknowledge, however, that the Plaintiff alleges that she *independently* submitted a written disclosure.  They argue, though, that "there are no facts demonstrating the nature of the disclosure, what was stated, who it was sent to, or when." (Dkt. #29).  In response, the Plaintiff attaches an email that she independently sent to the Department of Justice.[1]  (Dkt. #34).

The Court declines to convert the Defendants' Motion to Dismiss into a Motion for Summary Judgment by considering documents and evidence outside of the pleadings.  See San Pedro Hotel Co. v. City of Los Angeles, 159 F.3d 470, 477 (9th Cir. 1998) ("When a district court 'looks beyond the pleadings in evaluating a Rule 12(b)(6) motion to dismiss, the motion must be treated as one for summary judgment under Rule 56.'") (citation omitted).  The Court simply notes that the Plaintiff's allegation that she made an independent written disclosure is sufficient to survive a Motion to Dismiss under the liberal pleading standard set forth in Fed. R. Civ. P. 8(a).

2.  Failure to Comply with Arizona's Notice of Claim Statute

The Defendants next argue that the Plaintiff failed to comply with A.R.S. § 12-821.01(A), Arizona's Notice of Claim Statute.  That statute requires persons who have state-law claims against a public entity or employee to "file claims with the person or persons authorized to accept service for the public entity . . . one hundred eighty days after the cause of action accrues."  A.R.S. § 12-821.01(A).  The claim must "contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is

_____

[1]Although the Court does not find that the email supports the Plaintiff's claims — rather, it seems to be a communication discussing alleged *retaliation* against her for previous submissions made by the Public Defender's office — that point is irrelevant at this stage of the proceedings.

claimed.  The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount."  Id.

The Defendants assert that the Plaintiff's Notice of Claim was deficient in several respects, and that the recent Arizona case of Deer Valley v. Houser therefore mandates the dismissal of all state law claims.  214 Ariz. 293 (2007).

The Plaintiff's Second Amended Complaint references the Notice of Claim that she submitted prior to filing suit, which allows the Court to consider it without converting the Motion to Dismiss into a Motion for Summary Judgment.  San Pedro Hotel Co. v. City of Los Angeles, 159 F.3d 470, 477 (9th Cir. 1998).  However, the actual Notice of Claim does not appear to be part of the record in this case.  The only information the Court has regarding the Notice of Claim and its alleged deficiencies comes from the Defendants' arguments in the Motion to Dismiss.  Accordingly, the Court cannot be sure on the record before it that the Plaintiff is unable to present facts to overcome the alleged deficiencies.[2]  As such, dismissal pursuant to Rule 12(b)(6) is not appropriate.

D.  Due Process

The Defendants argue that the Plaintiff has not properly established any property or liberty interest in continued employment, and that the Court must therefore dismiss her claims for violation of due process.

1.  Property Interest

When the Court dismissed the Plaintiff's property interest claim, the Plaintiff was granted leave to amend her complaint in order to allege "facts that would suggest an implied contract or other occupational security."  (Dkt. #27).  In response to the Order, the Plaintiff

---

[2]The Court notes, however, that it is troubled by the Plaintiff's failure to address the purported deficiencies with the Notice of Claim, other than to assert — without citation to authority — that the Notice of Claim requirement does not apply to the whistle-blower statute.

The Court also directs the parties' attention to a recently decided and potentially relevant case on the subject from the Arizona Court of Appeals: Backus v. State, ___ P.3d ___, 2008 WL 2764601 (Ariz. App. July 17, 2008).

alleged that her boss had promised to promote her to "attorney journey" upon passing the Bar, as well as promising her "continued employment." (Dkt. #28). The Defendants argue that these allegations are "too vague to sustain an actual property interest cause of action." (Dkt #29).

The Court agrees that these allegations would be insufficient to sustain the claim if this were at the summary judgment stage. On a Motion to Dismiss, however, these claims satisfy the liberal pleading standard set forth in Fed. R. Civ. P. 8(a). Accordingly, the Motion to dismiss is denied.

2.  Liberty Interest

The Defendants also assert that the Plaintiff has failed to state a liberty interest claim. The Court's previous Order permitted the Plaintiff to amend her complaint to allege facts showing that "she lost employment opportunities due to a published defamatory statement." (Dkt. #27). The Plaintiff responded by asserting that she experienced discipline and publicly published statements regarding her competence, resulting in "further employment setbacks." (Dkt. #28).

The Court notes that these barest of assertions would not allow the Plaintiff to survive summary judgment. Taken as true and construed in the light most favorable to her, however, these allegations are sufficient to survive a Motion to Dismiss. Whyler Summit Partnership v. Turner Broadcasting Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998).

The Defendants argue further that the Plaintiff has not alleged any facts to support several of the required elements for a § 1983 claim based on violation of a liberty interest.[3] The cases cited by the Defendants, however, are from the Tenth, Fifth and Seventh Circuits. The Defendants fail to inform the Court whether the law is the same in the Ninth Circuit, or if this authority is merely persuasive. Accordingly, the Court declines to dismiss the liberty interest claim on these grounds.

---

[3]The elements include: 1) that stigmatizing charges were made in connection with a discharge; 2) that the charges were made public; 3) that the employee requested a name-clearing hearing; and 4) the employer refused the request for a hearing. (Dkt. #29).

IV.  Conclusion

The Court dismisses the Plaintiff's claims under the Fourth and Fifth Amendment, Substantive Due Process, and the claims for Sex, Age and Disability Discrimination.  The Plaintiff is entitled to proceed with her whistle-blower claim, as well as her property and liberty interest claims under the Due Process Clause.

Accordingly,

**IT IS ORDERED** granting in part and denying in part the Defendants' Motion to Dismiss.  (Dkt. #29).

**IT IS FURTHER ORDERED** setting this matter for a Rule 16 Scheduling Conference.  Separate order to follow.

DATED this 7th day of August, 2008.

_____
Mary H. Murguia
United States District Judge