**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Anita Pitroff,<br><br>       Plaintiff,<br><br>v.<br><br>Yavapai County Board of Supervisors,<br>Chip Davis and Lorna Street,<br><br>       Defendants. | No. CV-06-1184-PCT-MHM<br><br>**ORDER** |

The Yavapai County Board of Supervisors, Chip Davis, and Lorna Street ("the Defendants") have moved for partial reconsideration of this Court's August 7, 2008 Order. (Dkt. #37). Having considered the Defendants' arguments, and finding a Response unnecessary, the Court amends its August 7, 2008 Order as follows.

Notice of Claim

The Defendants argued previously that the Plaintiff's state law claims must be dismissed for failure to properly follow Arizona's "Notice of Claim Statute." (Dkt. #29); A.R.S. § 12-821.01(A). The Defendants asserted that the deficiencies in the Plaintiff's Notice of Claim required dismissal of her state law claims, including her Whistle-Blower claim, pursuant to Deer Valley v. Houser, 214 Ariz. 293 (2007).

The Court partially granted the Defendants' Motion to Dismiss on August 7, 2008. (Dkt. #36). The Court denied, however, dismissal of the Plaintiff's state law claims on the

1 mistaken conclusion that the actual Notice of Claim was not part of the record before it. (See
2 Order p. 4-5, Dkt. #36). The Defendants moved for partial reconsideration of the Order on
3 the basis that the Notice of Claim is in fact part of the record for the Court to review. (Dkt.
4 #37).[1] Having reviewed the Notice of Claim and the parties' arguments, the Court finds that
5 dismissal of state law claims is mandated by Deer Valley v. Houser, 214 Ariz. 293 (2007).

6       In Deer Valley v. Houser, the Arizona Supreme Court established that compliance
7 with the statutory requirements of the Notice of Claim statute is strictly construed. 214 Ariz.
8 293, 299 (2007). The Deer Valley court dismissed the plaintiff's state law claims because
9 her Notice of Claim failed to comply with the statutory requirements of the claim statute. Id.
10 at 297. The Notice did not comply with the statute because 1) it used qualifying language,
11 such as "approximately," "no less than," and "at least"; and 2) it failed to set forth a specific
12 amount for which the plaintiff was willing to settle her claims. Id.

13       The court clarified and corrected the appropriate interpretation of the Notice of Claim
14 statute. It stated:

> The notice of claim statute is clear and unequivocal. The statute instructs that a claim "*shall* also contain a *specific amount* for which the claim *can be settled* and the facts supporting that amount . . . The attendant statutory obligation that claimants present "facts supporting that amount" requires that claimants explain the amounts identified in the claim by providing the government entity with a factual foundation to permit the entity to evaluate the amount claimed. This latter requirement ensures that claimants will not demand unfounded amounts that constitute "quick unrealistic exaggerated demands."

Id. at 296 (citations omitted).

      The Defendants argue here that the Plaintiff's claim is deficient in precisely the same manner as the claim described in Deer Valley. Although the subject notice of the claim lists that the Plaintiff is asserting five causes of action, there are no facts to support liability

---

[1] The Notice of Claim was properly filed as an Exhibit to the Motion to Dismiss. (Dkt. #29). The Court believes that the confusion may arise from the fact that the argument section of the Defendants' Motion fails to cite to the Notice of Claim document when discussing and quoting from it.

1 beyond the statement that the Plaintiff was an employee and "was forced to resign her
2 position." (Dkt. #29, Exhibit 1). The Notice of Claim does not contain a sum certain that
3 the Yavapai County Board of Supervisors may pay to settle the case. The Notice demands
4 money for lost salary, punitive damages, costs, expenses, and attorneys' fees, but does not
5 provide any facts supporting the claimed losses and fails to specify a dollar amount for any
6 of these categories. (Id.) Finally, the Notice states that it seeks "recovery of any and all
7 compensation for lost wages and benefits since on or about May 2, 2005," and also seeks
8 "general damages in an amount of *not less than* $250,000 . . .." Id. This phraseology,
9 according to the Defendants, is exactly what the Deer Valley court finds insufficient to
10 comply with the statutory requirements. (Dkt. #29).

11 The Court finds that the Plaintiff's Notice of Claim is insufficient under the strict
12 construction announced in Deer Valley. The Plaintiff fails to set forth a specific amount for
13 which her claim can be settled, and provides no factual foundation to permit the Defendants
14 to evaluate the veracity of the claim and amount of damages the Plaintiff claims to have
15 sustained. Her claim for general damages "in an amount of not less than $250,000.00" is
16 insufficiently specific to satisfy the Notice of Claim statute. Deer Valley, 214 Ariz. at 296
17 (finding a Notice of Claim insufficient based on the statement that damages for emotional
18 distress and harm to reputation were "no less than" $300,000 and $200,000 respectively.
19 "These statements simply do not define a specific amount that [the plaintiff] would have
20 accepted to resolve her dispute with the [defendant].") The Court therefore finds that the
21 Plaintiff may not proceed with her state law causes of action, including her claim under
22 Arizona's Whistle-Blower statute, A.R.S. § 38-531 et seq.

23

24 **Accordingly,**

25 **IT IS ORDERED** granting the Defendants' Motion for Partial Reconsideration.
26 (Dkt. #37).

27
28

1    **IT IS FURTHER ORDERED** amending the Court's August 7, 2008 Order to
2 dismiss the Plaintiff's state law claims against the Defendants. (Dkt. #36).
3    DATED this 20th day of August, 2008.

_____
Mary H. Murguia
United States District Judge